IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **8:04CR434** |
| vs. | ) | |
| | ) | **ORDER** |
| **ROBERTO GARCIA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court on defendant's MOTION TO CONTINUE TRIAL (#20). Trial is now set for June 16, 2005. The motion alleges some cause for a continuance of the trial date, but defendant has not filed a waiver of speedy trial as required by NECrimR 12.1(a).[1] Accordingly,

**IT IS ORDERED** that defendant's MOTION TO CONTINUE TRIAL (#20) is held in abeyance pending compliance with NECrimR 12.1. Defendant shall file the required waiver before the close of business on **May 20, 2005**.

**DATED May 13, 2005.**

BY THE COURT:

s/ F.A. Gossett
**United States Magistrate Judge**

---

[1] The rule provides:

(a) **Content of Motion.** Unless excused by the court in individual cases, a motion to continue the trial setting of a criminal case must state facts demonstrating that the ends of justice served by a continuance outweigh the best interest of the public and the defendant in a speedy trial, (see 18 U.S.C. § 3161(h)(8)), or that for some other reason, the continuance will not violate the Speedy Trial Act. Unless excused by the court in individual cases, if the defendant is a moving party the motion shall be accompanied by the defendant's affidavit or declaration (see 28 U.S.C. § 1746) stating that defendant:
(1) Was advised by counsel of the reasons for seeking a continuance;
(2) Understands that the time sought by the extension may be excluded from any calculation of time under the Speedy Trial Act, 18 U.S.C. § 3161 et seq.;
(3) With this understanding and knowledge, agrees to the filing of the motion; and
(4) Waives the right to a speedy trial.